IN THE WESTERN DISTRICT COURT OF MISSOURI

| | |
|---|---|
| RENA M. CHILDS, Personal Representative of the Estate of Bryan E. Hill, a/k/a Brionna Hill,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW BRUMMETT<br>(in his official and individual capacity)<br>Serve: 1125 Locust Street<br>Kansas City, Missouri 64106<br><br>And<br><br>CHARLES PRICHARD<br>(in his official and individual capacity)<br>Serve: 1125 Locust Street<br>Kansas City, Missouri 64106<br><br>And<br><br>THE KANSAS CITY BOARD OF<br>POLICE COMMISSIONERS,<br>Comprised of its members as follows:<br><br>And<br><br>COMMISSIONER DON WAGNER, PRESIDENT<br>(in his official capacity)<br>Serve: 1125 Locust Street<br>Kansas City, Missouri 64106<br><br>And<br><br>COMMISSIONER MARK TOLBERT<br>VICE PRESIDENT<br>(in his official capacity)<br>Serve: 1125 Locust Street<br>Kansas City, Missouri 64106<br><br>And<br><br>COMMISSIONER CATHY DEAN, TREASURER<br>(in her official capacity) | Case No: 4:20-cv-00814<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| Serve: 1125 Locust Street | ) |
| Kansas City, Missouri 64106 | ) |
| | ) |
| And | ) |
| COMMISSIONER NATHAN GARRETT, | ) |
| MEMBER | ) |
| (in his official capacity) | ) |
| Serve: 1125 Locust Street | ) |
| Kansas City, Missouri 64106 | ) |
| | ) |
| And | ) |
| | ) |
| MAYOR QUINTON LUCAS, MEMBER | ) |
| (in his official capacity) | ) |
| Serve: 1125 Locust Street | ) |
| Kansas City, Missouri 64106 | ) |
| | ) |
| And | ) |
| | ) |
| RICHARD SMITH, CHIEF OF POLICE | ) |
| (in his official and individual capacity) | ) |
| Serve: 1125 Locust Street | ) |
| Kansas City, Missouri 64106 | ) |
| | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff, Rena M. Childs, Personal Representative of the Estate of Bryan E. Hill (a/k/a Brionna Hill), by and through her undersigned attorneys of record, and for her cause of action against Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff is the Personal Representative of the Estate of Bryan E. Hill (a/k/a Brionna Hill). Because Bryan E. Hill identified as a woman, and in honor of him, all references to Bryan E. Hill will hereafter be to Brionna Hill and all pronouns will be in the feminine form.

2. Defendants are residents of the City of Kansas City in the State of Missouri.

3. At all relevant times in this Complaint, Defendants Prichard and Brummett were duly sworn police officers with the Kansas City Missouri Police Department, acting within the course and scope of their employment with the Kanas City Missouri Board of Police Commissioners, and acting in concert to detain, use more force than was reasonably necessary against, use unconstitutional amounts of force against, assault and batter Brionna Hill.

4. Richard Smith, at all times relevant hereto, was the Chief of Police for the Kansas City Missouri Police Department. On information and belief, Defendant Smith has final policymaking authority regarding law enforcement operations of the Kansas City Missouri Police Department, and primary responsibility for administration of activities and services of the Kansas City Missouri Police Department and for the training and supervision of Kansas City Missouri Police Department personnel. In addition, Defendant Smith participated personally in the acts and omissions giving rise to this suit and/or failed to intervene to stop such acts and omissions. Defendant Smith is sued in his official capacity as Police Chief and in his individual capacity.

5. The Kanas City Missouri Board of Police Commissioners ("the Board") is the governing body with the responsibility and duty of overseeing the actions of the Kansas City Missouri Police Department and its officers. The Board is given its authority pursuant to Missouri statute and can sue and be sued by and through its members in their respective official capacities, specifically Defendants Wagner, Tolbert, Dean, Garrett, and Lucas.

6. The Board, by and through its members, is liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers were acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

7. At all relevant times in this Complaint, Defendants were acting under color of law.

8. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the violation of Brionna Hill's rights afforded her by the United States Constitution.

9. The conduct alleged in this Complaint violated clearly established federal and state protected rights of which every reasonably competent and prudent official in Defendants' respective positions would have, or should have, been aware. As to Defendants' actions, errors and omissions toward Brionna Hill, there was no objectively reasonable reliance on existing law.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367. Defendant's acts, omissions, and wrongful conduct violates civil rights protected by the federal constitution and are actionable herein pursuant to 42 U.S.C. § 1983.

11. Venue is proper under 28 U.S.C. § 1391(b) because all parties reside in this judicial district and the events giving rise to the claims asserted herein occurred with the district.

**FACTS: USE OF UNCONSTITUTIONAL AND EXCESSIVE FORCE**

12. On May 24, 2019, Brionna Hill was on the sidewalk in front of 1319 Brush Creek, Blvd, Kansas City, Jackson County, Missouri.

13. Defendants chose to seize and arrest Brionna Hill for trespassing.

14. Brionna Hill was not trespassing at the time of her detainment.

15. Defendants, unprovoked, struck Brionna Hill and took her to the ground. Once on the ground, defendants used excessive and unconstitutional force to place handcuffs on Brionna Hill.

16. Defendants continued to use excessive and unconstitutional force by placing their knees and elbows on Brionna Hill's neck to pin her to the ground, restricting her airway in the process. All told, Defendants pinned Brionna Hill down with their knees on her neck for greater than 8 minutes and 46 seconds (ie. compare to George Floyd's death).

4

17. Defendants continued to use excessive and unconstitutional force by violently slamming Brionna Hill's face and head on the concrete multiple times and then leaving her face smashed against the hot concrete.

18. While Brionna Hill was handcuffed with her arms behind her back, Defendants continued to use excessive and unconstitutional force by raising and twisting her arms upward in unnatural positions, all while Brionna Hill writhed and moaned in pain and called out for help.

19. Brionna Hill's cries for help were ignored by Defendants, who did not render aid or call an ambulance.

20. Brionna Hill was not struggling or physically resisting at any time during Defendants' use of excessive and unconstitutional force.

21. Defendants, performing for the microphone of their dash camera, knowing that the dash camera was pointed away from them, and unaware that they were being videotaped by a good Samaritan, told Brionna Hill to stop resisting, despite the fact she was obviously not resisting.

### FACTUAL ALLEGATIONS: THE BOARD'S AND CHIEF SMITH'S FAILURES

22. At all times material herein, the Board's and Smith's practice, so well settled as to constitute custom or usage with force of law, was to approve, ratify, and defend the use of deadly force by Kansas City Missouri Police Department police officers regardless of whether circumstances raised questions about whether there had been any actual, immediate threat to safety by: (1) failing to discipline, criticize or seek to change such conduct; (2) consistently and systematically failing to genuinely question or investigate the propriety of such conduct; and (3) consistently and systematically working to hide and protect from public disclosure the identity and role of officers involved in such conduct

5

Case 4:20-cv-00814-RK   Document 1   Filed 10/09/20   Page 5 of 16

23. The Board's and Smith's training and supervision deficiencies contributed to the pattern and practice of the use of excessive and unreasonable force.

24. The Board and Kansas City Missouri Police Department effectively discouraged de-escalation tactics as a means of approaching and interacting with persons in order to bring a stressful situation under control, even in the absence of any show of force or threat of force from the person involved.

25. The Board's, Smith's and Kansas City Missouri Police Department policies and training in effect at the time of Plaintiff's receipt of unconstitutional and excessive force demonstrated deliberate indifference to the rights of the inhabitants of Kansas City, Missouri.

26. These actions, omissions, policies, practices, procedures, patterns, decisions, orders, and customs of the Board and Smith's described in this Complaint were the cause, were the contributing cause and/or were the moving force behind the constitutional and other violations described in this Complaint. These actions, omissions, policies, practices, procedures, patterns, decisions, orders, and customs are established, at least in part, by proof of knowledge of, acquiescence in, or ratification of all of wrongful conduct explained in this Complaint.

27. The Board and Smith failed to adopt policies or train its officers in order to avoid the use of force techniques used by Defendants Prichard and Brummett used as described herein. This failure to act was the result of deliberate indifference to the rights of the inhabitants of Kansas City, Missouri.

28. The Board's and Smith's inadequate internal accountability measures, such as waiting for litigation to be concluded before requiring Response to Resistance Reports to be completed, Internal Affairs Unit to be notified, convening a Notable Event Review Panel, or notifying police academy instructors of notable events, contributed to the pattern and practice of

excessive use of force by Kansas City Missouri Police Department officers, including the officers involved in the use of unconstitutional and excessive force of Plaintiff.

29. The Board and Smith systematically fail to act reasonably to reconcile any inconsistencies between the physical evidence, videotaped evidence and Defendants Prichard's and Brummett' versions of the events concerning the use of force.

30. Defendant Smith, and the Board through its knowing acquiescence, ratified the conduct of Defendant's Prichard and Brummett, thus proving the existence of the policies and customs set forth herein, by refusing to present the facts of their investigation to the Jackson County Prosecutor's office in a probable cause statement.

31. Among other polices, practices, patterns and/or customs, the Board, through its then-Chief of Police, Defendant Smith, had adopted a policy, practice, pattern and/or custom at the time of the assault and battery of Plaintiff that allowed Officers to employ the techniques and tactics used by Defendants Prichard and Brummett as set forth herein, without retraining or punishment or the fear of retraining or punishment.

32. The Board does not require supervising and/or internal affairs officers and/or detectives to seriously and objectively review use of force incidents involving officers, particularly objectively unconstitutional and excessive uses of force such as those committed by Defendants Prichard and Brummett as set forth herein, even when videotaped.

33. The Board and Smith failed to provide its officers, including Defendants Prichard and Brummett, with the operational guidance needed to limit the use of deadly force within the boundaries of the Constitution of the United States of America and that failure was a moving force behind the injuries inflicted on Brionna Hill.

7

Case 4:20-cv-00814-RK   Document 1   Filed 10/09/20   Page 7 of 16

34. Long before Brionna Hill was injured, the Board and Smith knew or should have known that its practices and procedures would result in injuries to citizens.

35. The Board and Smith had actual or constructive notice that its action or failure to act was substantially certain to result in constitutional violations and the Board and Smith consciously and/or deliberately chose to disregard the risk of harm, as evidenced by the tortious and unconstitutional conduct.

36. Information related to the injuries sustained by Brionna Hill was difficult to obtain due to the Board's and Smith's policy of creating a veil of secrecy surrounding the events set forth herein.

37. Instead of honestly and fairly investigating the injuries to Brionna Hill, the Board's and the Kansas City Missouri Police Department's efforts were immediately directed at creating and continuing the narrative that Brionna Hill was resisting arrest and/or was dangerous to herself or others. With the blessing and ratification of the Board and the Kansas City Missouri Police Department, Smith refused to allow a probable cause statement to be issued to the Jackson County Prosecutor, and in the press, Brionna Hill was needlessly vilified, causing irreparable harm to her family, including but not limited to the Plaintiffs. These actions demonstrate the deliberate indifference of the Board to the constitutional rights of the citizens of Kanas City, Missouri, which actions were made with the Board's acquiescence and/or ratification.

## COUNT I: 42 U.S.C. § 1983

*Unconstitutional Use of Excessive Force Against Defendants Prichard and Brummett*

38. By this reference, Plaintiff hereby incorporates each and every allegation and averment set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

39. The use of force by Defendants in seizing Brionna Hill was unreasonable under the prevailing circumstances and thus violated her clearly established right not to be subjected to unreasonable seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' specific acts as set forth herein were objectively unreasonable.

41. The use of force of Defendants as afore-described was unreasonable, unlawful, and unconstitutional in that Defendants used more force than was reasonably necessary under the circumstances and said use of force was clearly excessive in that Defendants did not have probable cause or a reasonable suspicion to believe that Plaintiff posed an immediate threat of physical harm to Defendants, nor was she resisting arrest. Such force used was not reasonably necessary to effectuate a detention and/or an arrest.

42. Additionally, kneeling on Brionna Hill's neck as afore-described constituted deadly force. Defendants were not in imminent danger of physical injury. Such force used was not reasonably necessary to effectuate a detention and/or an arrest.

43. As a direct and proximate result of Defendants' actions, Brionna Hill suffered severe, progressive, and permanent injuries including:

   a. Asphyxia injuries,

   b. Abrasions, contusions, and fractures to her nose and face;

   c. Muscle and ligament strain in her arms and shoulders,

   d. Severe pain,

   e. Psychological fear and trauma,

   f. Emotional and mental anguish,

   g. Post-Traumatic Stress Disorder.

44. All of Brionna's Hill's damages and injuries were permanent and progressive.

45. As a direct and proximate result of the afore-described unlawful and malicious conduct by Defendants, all committed under color of law and under their authority as City of Kansas City Missouri Police Department police officers, Plaintiff suffered grievous bodily harm and was deprived of her right to be free from unreasonable seizure of her person and right to be free from the use of excessive force, all protected by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

46. As a direct and proximate result of the malicious (actual), brutal, and outrageous conduct of Defendants, Plaintiff suffered injuries and damages including those as more fully set forth above.

47. The acts of Defendants, as afore described, were outrageous because of their evil motives and/or their reckless indifference to the rights and well-being of Brionna Hill and were wrongful without just cause or excuse. They were further intentional, wanton, actually malicious, evil and oppressive, or involved reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants

48. If Plaintiff prevails, she is entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II: 42 U.S.C. § 1983

*Violative Policies, Practices, Customs, Patterns of Conduct and Procedure, Failure to Train and Failure to Supervise Against Defendants Board and Smith*

49. By this reference, Plaintiff hereby incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. The Board and Smith had in effect, both before and at the time of the events alleged in this Complaint, policies, practices, and patterns of conduct and customs which operated to

deprive Brionna Hill of her constitutional rights.

51. The Board and Smith are liable under 42 U.S.C. § 1983 because they established policies and practices that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Brionna Hill and other similarly situated persons. At a minimum, the supervisors and the governmental agents were deliberately indifferent to such constitutional violations.

52. The Board and Smith engaged in unlawful and unconstitutional policies, practices, patterns of conduct and customs, all tantamount to policies, including, but not limited to the following:

    a. Violation and deprivation of constitutional rights as set out in this Complaint;

    b. Inadequate training and instruction of employees on the proper use of police power, proper seizure, proper searches, use of deadly force, and investigation of alleged crime in the State of Missouri;

    c. Inadequate supervision of employees as to the proper use of police power, proper seizure, proper searches, use of deadly force, and investigation of alleged crime in the state of Missouri;

    d. Inadequate discipline of employees as to the proper use of police power, proper seizure, proper searches, use of deadly force, and investigation of alleged crime in the state of Missouri;

    e. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees regarding the proper use of police power, proper seizure, proper searches, use of deadly force, investigation of alleged crime in the state of Missouri, engaging in foot chases based upon the word of two drunk white men;

f. Abuse of police power and arrest power on citizens of the United States of America;

g. Acquiescence and ratification in and notice of the actions and omissions described throughout this Complaint;

h. Failure to prevent (by training, retraining and/or disciplining) law enforcement officers' use of excessive force while investigating alleged crimes allegedly committed by citizens of the state of Missouri, as well as the failure to train officers to de-escalate instead of escalating allegations of trespass and other alleged non-life threatening crimes

i. Failure to take remedial action against a known pattern of misconduct by law enforcement officers, both as to the law enforcement officers and as well as to the underlying criminal case in which the misconduct has occurred – further denying citizens of their constitutional rights and protections;

j. Failure to take significant steps to prevent a known risk of wrongful arrest, improper search, and wrongful use of deadly force;

k. Taking aggressive law enforcement actions without first having met the standard of probable cause;

l. Tolerance of misconduct of law enforcement officers and failing to follow up and properly and thoroughly investigate misconduct of law enforcement officers resulting in the unreasonable seizure, wrongful use of deadly force on the innocent citizens of the state of Missouri;

m. Deliberate indifference to, and conscious disregard of, a high risk that law enforcement officers would improperly use more force than is required and improperly use deadly force in violation of Brionna Hill's protected rights;

12

Case 4:20-cv-00814-RK   Document 1   Filed 10/09/20   Page 12 of 16

n. Inadequate training and instruction of employees charged with the supervision, observation and care of detainees and alleged suspects, like Brionna Hill, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

o. Inadequate supervision of employees charged with the supervision, observation and care of detainees and suspects, like Brionna Hill, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

p. Inadequate discipline of employees charged with the supervision, observation and care of detainees and suspects, like Brionna Hill, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the Eighth and Fourteenth Amendments of the Constitution of the United States;

q. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees charged with the supervision, observation and care of detainees and suspects, like Brionna Hill, and the duty to maintain and keep such persons in a secure, humane, and safe condition and to avoid cruel and unusual punishment, as well as punishment of detainees and suspects without due process of law, which is barred by the

Eighth and Fourteenth Amendments of the Constitution of the United States; and

r. The implementation of a policies, practices or customs that allowed Defendant Smith to determine which episodes of force (also known as response to resistance) to investigate, notify the Internal Affairs Unit, notify the Police Academy, initiate a Notable Event Review Panel, and the allowance of Defendant Smith to determine when to suspend such actions during the pendency of civil litigation.

53. The Board and Smith ratified and implemented, before and during the time periods of the events described herein this Complaint, each of the policies, practices, patterns of conduct and customs listed in this Count. The Board's and Smith's custom/practice, so well settled as to constitute custom or usage with force of law, authorizing the use of excessive and/or deadly force whenever an officer perceived a theoretical threat rather than any actual threat, was a moving force of the injuries sustained by Brionna Hill. Additionally and alternatively, at all times material herein, the Board's and Smith's widespread custom/practice, so well settled as to constitute custom or usage with force of law, was to always approve, ratify and defend the use of excessive and/or deadly force by Kansas City Missouri Police Department police officers regardless of whether circumstances raised questions about whether there had been any actual, immediate threat to safety by: a) failing to discipline, criticize or seek to change such conduct; b) failing to genuinely question or investigate the propriety of such conduct; c) working to hide and protect from public disclosure the events of the incident and any possible incriminating evidence following the incident; d) determining the use of excessive and/or deadly force was justified regardless of the circumstances; and e) failing to utilize independent personnel outside the employment of the Board to investigate incidents of the use of deadly force.

54. These interrelated policies, practices, patterns of conduct and customs, separately

and together, were intentionally implemented to deprive possible targets of criminal investigations of their constitutional rights, or, at the very least, were implemented with a deliberate indifference to the rights of possible targets of criminal investigation and seizure and were a direct and proximate cause of and a moving force behind the Constitutional violations and injuries, as set forth in this Complaint.

55. Plaintiffs are entitled to monetary relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount to be reasonably determined by a jury and for punitive damages in an amount determined by a jury to be sufficient to punish Defendants and deter similar conduct by others in the same and similar situation, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38(b) on all issues triable to a jury as a matter of right.

Respectfully submitted

David R. Smith, PC

/s/ David R. Smith
David R. Smith, No. 39088
4310 Madison Avenue, Suite 100
Kansas City, Missouri 64111
(816) 753-9393
Facsimile (816) 778-0957
david@dsmith-law.com

<pre>
                              s/James D. Walker, Jr.
                              James Dean Walker Law, LLC #29778
                              1656 Washington St. Suite 130
                              Kansas City, Mo.64108
                              (816) 474-8128
                              Fax (816) 474-7411
                              Jwalker@jamesdwalkerlaw.com

                              ATTORNEYS FOR PLAINTIFF
</pre>