**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(KANSAS CITY)**

| | | |
|---|---|---|
| RENA M. CHILDS, Personal | ) | |
| Representative of the Estate of Bryan E. | ) | |
| Hill, a/k/a Brionna Hill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00814-RK |
| | ) | |
| MATTHEW BRUMMETT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT**

WA 16192775.1

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

I.      There are no grounds to override Missouri's survivorship statute or declare it repugnant
        or inhospitable to federal civil rights laws. ......................................................... 1

        A.      Missouri's survivorship statute accomplishes the deterrent and compensatory
                purposes of section 1983. ........................................................................... 2

        B.      Plaintiff does not explain why the more restrictive survivorship statutes in
                Alabama, New Mexico, and Minnesota should apply in section 1983 cases while
                Missouri's should not. .................................................................................. 4

        C.      The cases from Arizona, Ohio, and California are distinguished, as are the
                Missouri wrongful death cases. .................................................................... 5

        D.      There is no "physical injury v. non-physical injury" distinction under Missouri's
                survivorship statute or in the federal case law. ......................................... 8

        E.      Plaintiff identifies no separate, federal rule of survival that would allow her to
                bring the claims here. .................................................................................. 9

II.     The claims against the Police Board defendants and Chief Smith abate as well. ............... 9

CONCLUSION .................................................................................................................. 10

WA 16192775.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott v. City of Crocker, Mo.*,
  30 F.3d 994 (8th Cir.1994) ................................................................10

*Abed v. Wong*,
  No. 05-00281, 2006 WL 1116115 (D. Minn. Apr. 24, 2006).................5

*Andrews v. Neer*,
  253 F.3d 1052 (8th Cir. 2001) ........................................................4, 6, 7

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986).............................................................................10

*Crocker v. City of Minneapolis*,
  No. 85-00923, 1986 WL 266 (D. Minn. July 3, 1986) .........................5

*Cty. of Los Angeles v. Superior Court*,
  21 Cal.4th 292 (1999) ..........................................................................7

*Est. of Guled by & through Abdi v. City of Minneapolis*,
  869 F.3d 680 (8th Cir. 2017) ................................................................5

*Herrera v. Sena*,
  No. 18-00763, 2019 WL 1922458 (D.N.M. Apr. 30, 2019)...................5

*Jaco v. Bloechle*,
  739 F.2d 239 (6th Cir. 1984) ..............................................................6, 7

*Larson v. Wind*,
  542 F. Supp. 25 (N.D. Ill.1982) ..........................................................10

*Linzie v. City of Columbia*,
  651 F. Supp. 740 (W.D. Mo 1986) .......................................................7

*Moor v. Alameda Cty.*,
  411 U.S. 693 (1973)..............................................................................9

*Oliveros v. Mitchell*,
  449 F.3d 1091 (10th Cir. 2006) ....................................................4, 5, 9

*Parkerson v. Carrouth*,
  782 F.2d 1449 (8th Cir. 1986) ..........................................................8, 9

iii

*Robertson v. Wegmann,*
  436 U.S. 584 (1978) ................................................................................................ *passim*

*Shaw v. Garrison,*
  545 F.2d 980 (7th Cir. 1977) ...................................................................................... 9

*Venerable v. City of Sacramento,*
  185 F. Supp. 2d 1128 (E.D. Cal. 2008) ..................................................................... 7

*White v. Walsh,*
  649 F.2d 560 (8th Cir. 1981) ................................................................................... 3, 4

*Williams v. City of Oakland,*
  915 F. Supp. 1074 (N.D. Cal. 1996) ....................................................................... 6, 7

WA 16192775.1

**INTRODUCTION**

Plaintiff agrees her claims abate under Missouri's survivorship statute but urges the Court not to follow that statute because it is "repugnant," "inhospitable to [section] 1983 claims," and "completely inconsistent with federal law and the Constitution." Doc. 39, at 9, 14. In doing so, plaintiff asks the Court to take the nearly unprecedented step of declaring a state survivorship law inconsistent with the laws of the United States.

Plaintiff offers no good reason for taking this unusual step. Under *Robertson*, a state statute is not inconsistent with federal law "merely because the statute causes the plaintiff to lose the litigation." *Robertson v. Wegmann*, 436 U.S. 584, 593 (1978). The key instead is whether the statute undermines the deterrent and compensatory purposes of section 1983. Here nothing in Missouri's survivorship statute singles out section 1983 cases for mistreatment. Nor would applying Missouri's survivorship statute in this unique situation undermine the compensatory or deterrent purposes of section 1983. The Court should decline plaintiff's invitation to declare Missouri law inhospitable to federal civil rights law and dismiss her claims because they abated.

Finally, the Court's dismissal should be with prejudice. Plaintiff already amended her complaint without addressing abatement. And she no longer seeks leave to amend in response to this motion. Any further amendment would be futile.

**ARGUMENT**

**I.    There are no grounds to override Missouri's survivorship statute or declare it repugnant or inhospitable to federal civil rights laws.**

In their moving papers, defendants discussed *Robertson*'s requirement that federal courts use the forum state's survivorship statute as "the principal reference point in determining survival of civil rights actions," as well as the rule in Missouri that assault and battery claims abate upon the injured person's death. Doc. 36, at 6-10 (citing *Robertson*, 436 U.S. at 589-90 and RSMo §

1

537.030). Plaintiff does not dispute this interpretation of *Robertson* or that her claims abate under Missouri law. *See* Doc. 39, at 13 ("[T]he closest state tort equivalents to plaintiff's [section] 1983 claims are assault and battery, which abate upon the unrelated (to the tort) death of the plaintiff.").[1]

And it would be particularly difficult for plaintiff to resist state-law abatement here. Plaintiff filed almost exactly the same case as assault and battery in Missouri state court and then dismissed that case after the officers invoked the state survivorship statute. *See* Doc. 36, at 3-4.

Rather than argue Missouri law, plaintiff asks the Court to override that law by declaring Missouri's survivorship statute inhospitable to federal civil rights laws and inconsistent with the deterrent and compensatory purposes of section 1983.

None of plaintiff's arguments justify this extraordinary step.

### A.   Missouri's survivorship statute accomplishes the deterrent and compensatory purposes of section 1983.

To begin, *Robertson* is clear that state survivorship statutes are only "inconsistent with the Constitution and laws of the United States" based on their effects generally, not based on the outcome of any particular case. 436 U.S. at 587, 593. In deciding whether state survivorship statutes are inconsistent with federal civil rights laws, courts are to consider whether the statutes undermine section 1983's policies of compensation and deterrence. *Id.* at 591

---

[1] Plaintiff says in the introduction that "[i]t is highly unlikely that the Missouri legislature intended this statute [to] block police misconduct of Constitutional proportions." Doc. 39, at 5. But plaintiff offers no other argument about this supposed legislative intent and later concedes her claims abate under Missouri law. *Id.* at 13.

And the fact Missouri's survivorship statute pre-dates section 1983 does not affect the survivability of plaintiff's claims here. The whole point of *Robertson* is to borrow from *existing* state survivorship statutes because section 1983 lacks survivorship language of its own. So state survivorship statutes don't have to post-date section 1983 for them to apply under *Robertson*. If anything, the fact that Missouri's survivorship statute pre-dates section 1983 undercuts plaintiff's arguments about inhospitability to federal civil rights law. The Missouri legislature could not have been targeting section 1983 claims for mistreatment or singling out civil rights claims if the survivorship statute pre-dates section 1983.

2

WA 16192775.1

Here plaintiff does not contend Missouri's survivorship statute undermines section 1983's compensatory purpose. Nor could she. This argument was rejected in *Robertson*: "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." 436 U.S. at 592.

And although plaintiff says the survivorship statute undermines section 1983's deterrent effects, she never explains how this could be. As defendants pointed out, it is rare that someone suffers from alleged excessive force and then dies of unrelated causes before suing. In fact, this scenario seems never to have happened in Missouri before this case. In the scores of cases and reams of briefing, neither side has identified another instance when this happened in Missouri— even though the Supreme Court decided *Robertson* more than four decades ago.

And it is implausible that police officers or other officials can identify the rare category of persons who will later die for unrelated reasons and then target them for excessive force. As in *Robertson*, it is a "farfetched assumption" to think officials can modify their behavior to exploit this arcane aspect of Missouri's survivorship statute to benefit from a victim's unrelated death. 436 U.S. at 592 n.10. The statute therefore does not affect section 1983's impact on deterrence.

It also is false that Missouri abates "**NEARLY ALL**" section 1983 claims or that defendants seek to "immunize all police officers from civil rights claims involving personal injury." Doc. 39, at 9 (emphasis in original). Like the Louisiana statute in *Robertson*, Missouri's survivorship statute permits survival of most tort actions. 436 U.S. at 594; RSMo § 537.020. And federal courts in Missouri have allowed most other section 1983 cases to survive (*White v. Walsh*, 649 F.2d 560, 562 n.4 (8th Cir. 1981)) and permitted section 1983 claims under Missouri's wrongful death statute (*Andrews v. Neer*, 253 F.3d 1052, 1057-58 (8th Cir. 2001)).

3

WA 16192775.1

It is only when a personal representative premises section 1983 claims on one of the torts excluded from survivorship in RSMo § 537.030, while representing someone who died of unrelated causes, that Missouri requires abatement. Far from affecting "nearly all" section 1983 claims, this case appears to be the first.

> **B.    Plaintiff does not explain why the more restrictive survivorship statutes in Alabama, New Mexico, and Minnesota should apply in section 1983 cases while Missouri's should not.**

Nor does plaintiff explain away the federal cases applying Alabama, New Mexico, and Minnesota's survivorship statutes in civil rights cases, despite those statutes being more restrictive than Missouri's.

First, plaintiff acknowledges Alabama abates all unfiled tort claims, including section 1983 excessive force claims, and that federal courts find that survivorship statute consistent with federal civil rights laws. Doc. 39, at 11-12. But plaintiff distinguishes Alabama's statute as a "limited application of abatement" because it applies to *unfiled* claims. *Id*. at 12.

That distinction makes no sense. Plaintiff filed this lawsuit after Ms. Hill's death, not while Ms. Hill was living. *See* Doc. 1 (filed on behalf of personal representative). So even if there were a federal rule overriding abatement of section 1983 claims filed *before* the plaintiff's death (that is, when a plaintiff dies while litigation is pending), that rule would not apply here. The Alabama cases support defendants' argument that federal courts find similar (indeed more restrictive) survivorship statutes consistent with federal law.

Second, plaintiff mischaracterizes the decisions applying New Mexico law for similar reasons. As defendants alluded to in their moving papers, New Mexico abates all intentional torts upon the death of the injured person and all pending assault and battery claims upon the death of the defendant. N.M. Stat. §§ 37-2-1, 37-2-4; *see also Oliveros v. Mitchell*, 449 F.3d 1091, 1094-96 (10th Cir. 2006) (interpreting § 37-2-1). The Tenth Circuit applies New Mexico's survivorship

4

statute in section 1983 excessive force cases filed, like this one, after the injured person dies. *Oliveros*, 449 F.3d at 1094-96. And although plaintiff correctly notes the parties in *Oliveros* failed to address whether that statute is inconsistent with federal law (Doc. 39, at 12), other courts *have* addressed this issue after one of the defendants died, finding New Mexico's statute consistent with section 1983. *See Herrera v. Sena*, No. 18-00763, 2019 WL 1922458, at *6 (D.N.M. Apr. 30, 2019).

*Martinez v. Salazar*, No. 14-00534, 2016 WL 9724834 (D.N.M. Nov. 15, 2016) does not change this analysis. That case merely confirms that section 1983 claims filed *before* the plaintiff's death survive under New Mexico law. It does not speak to instances when, as here, the claims are filed after the alleged victim's death, and it does not find New Mexico's more restrictive survivorship statute inconsistent with federal law.

Third, plaintiff is right that (as far as defendants are aware) no court has squarely addressed whether Minnesota's statute abating "injur[ies] to the person" is inconsistent with federal civil rights laws. Minn. Stat. § 573.01. But it is still significant that federal courts have relied on that statute to abate section 1983 excessive force claims (*Abed v. Wong*, No. 05-00281, 2006 WL 1116115, at *4 (D. Minn. Apr. 24, 2006)) and found the statute consistent with federal civil rights laws in other contexts (*Crocker v. City of Minneapolis*, No. 85-00923, 1986 WL 266, at *2 (D. Minn. July 3, 1986); *Est. of Guled by & through Abdi v. City of Minneapolis*, 869 F.3d 680, 684 (8th Cir. 2017)). There is no good reason to treat Missouri's survivorship different from those in Alabama, New Mexico, and Minnesota.

### C. The cases from Arizona, Ohio, and California are distinguished, as are the Missouri wrongful death cases.

In her opposition, plaintiff relies on cases from Arizona, Ohio, and California to argue Missouri's survivorship statute is inconsistent with federal civil rights laws, and she points to a

5

decision about Missouri's wrongful death statute. These cases are distinguished and do not support plaintiff's argument.

First, the *Andrich* case from Arizona was a wrongful death case. 470 F. Supp. 3d 1048 (D. Ariz. 2020). The two officers accused of excessive force in *Andrich* confronted and fatally shot a person diagnosed with schizophrenia. *Id.* at 1053. The officers then moved to dismiss certain categories of damages, because Arizona law prohibited pre-death pain and suffering. *Id.* at 1055.

The district court called *Andrich* "a common fact pattern" in which "police officers stand accused of engaging in different forms of excessive force during an encounter that ultimately resulted in death." 470 F. Supp. 3d at 1058. The court then held that "[d]isallowing liability for some of the excessive force, simply because the final administration of excessive force was the cause of death, would undermine § 1983's goal of deterring law enforcement officers from engaging in any type of excessive force." *Id.*

And, like *Andrich*, the *Jaco* case from Ohio also involved a fatal confrontation. *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984).

This case is not the "common fact pattern" in *Andrich* or *Jaco* because plaintiff does not allege Officers Brummett and Prichard had anything to do with Ms. Hill's death at all. If Officers Brummett and Prichard *had* fatally injured Ms. Hill, they would be subject to section 1983 liability under Missouri's wrongful death statute. *Andrews*, 253 F.3d at 1057-58. Abatement of section 1983 excessive force claims in this rare situation when the injured person died of unrelated causes will not undermine the deterrent effects of section 1983.

Second, although the *Williams* case from the Northern District of California did involve an injured person who died of unrelated causes (*Williams v. City of Oakland*, 915 F. Supp. 1074 (N.D. Cal. 1996)), California's survivorship statute materially differs from Missouri's. California's

WA 16192775.1

statute purports to bar recovery of all pain and suffering damages, while Missouri's abates four specific torts. *See* Cal. Code Civ. P. § 377.34; RSMo § 537.030. The district court found that "by cut[ting] off *all* recovery for pain and suffering . . . the [California] statute has a substantial effect on the type and amount of damages that are recoverable in section 1983 claims where the victim dies before judgment." *Williams*, 915 F. Supp. at 1077 (emphasis in original). Missouri's statute lacks the same across-the-board damages restrictions so those concerns are not present here.

Further, even if *Williams* is on point (it isn't), other federal courts in California and the California Supreme Court reject its holding. Those courts find California's survivorship statute consistent with the deterrent purposes of section 1983 and enforce the prohibition on pain and suffering damages, even in excessive force cases. *See Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1132-33 (E.D. Cal. 2008); *Cty. of Los Angeles v. Superior Court*, 21 Cal.4th 292, 307 (1999). The Court need not follow the Northern District of California when its sister districts and the state's highest court disagree.

<u>Third</u>, plaintiff's discussion of *Linzie v. City of Columbia,* 651 F. Supp. 740 (W.D. Mo 1986) is also unavailing. Like *Andrich* and *Jaco* discussed above, *Linzie* focused on alleged unconstitutional use of force that caused the victim's death: "*Where killing is the alleged unconstitutional act*, the deterrence objective of § 1983 would be thwarted . . . ." *Id.* at 742. But there are no allegations here that Officers Brummett and Prichard caused Ms. Hill's death.[2]

---

[2] *Linzie* may have also been overruled by *Andrews v. Neer*, 253 F.3d 1052, 1057-58 (8th Cir. 2001). *Linzie* allowed the personal representative of the estate to bring section 1983 claims when the victim's death arose from the allegedly unconstitutional conduct. But, in *Andrews*, the Eighth Circuit held that Missouri's wrongful death statute is the "sole source of a cause of action" for section 1983 claims resulting in death and that "the purposes of the Missouri wrongful death act are consistent with the goals of [section] 1983." *Id.* at 1058.

7

WA 16192775.1

## D. There is no "physical injury v. non-physical injury" distinction under Missouri's survivorship statute or in the federal case law.

Plaintiff also cites the Eighth Circuit's decision in *Parkerson* for what she calls a "physical injury v. non-physical injury" distinction. Doc. 39, at 10-11. The idea is that, while abatement of claims involving non-physical injuries might comport with federal civil rights laws, abatement of claims involving physical injuries does not.

This argument misconstrues *Parkerson*. The distinction between physical and non-physical injuries in *Parkerson* was a feature of Arkansas's survivorship statute, not of federal law. *Parkerson v. Carrouth*, 782 F.2d 1449, 1452 (8th Cir. 1986). Unlike Missouri's statute, the Arkansas survivorship laws abate claims involving non-physical injuries (slander, libel, malicious prosecution, and so on) but allow "injuries of a physical character" to survive. *Id*. The Eighth Circuit examined this physical/non-physical distinction to determine whether the plaintiff's claims abated under Arkansas law. *Id*.

On the other hand, Missouri's survivorship statute expressly abates assault and battery claims, without distinguishing between physical and non-physical injury. RSMo § 537.030. And here the parties agree plaintiff's claims abate under the Missouri statute so there is no dispute over statutory interpretation, like there was in *Parkerson*.

Moreover, although the Eighth Circuit mentioned the distinction between physical and non-physical injuries when discussing whether the Arkansas statute comports with civil rights laws, nothing in *Parkerson* mandates an absolute rule of survival in cases alleging physical injuries. The key point in *Parkerson* was that Arkansas law would not undermine the deterrent effects of section 1983 because tortfeasors inflicting non-physical injuries couldn't know their victims would die before suing. *Parkerson*, 782 F.2d at 1454-55. But, like someone who commits malicious prosecution, public officials using excessive force cannot know their intended victims

8

WA 16192775.1

will die of *unrelated* causes before filing suit. As in *Parkerson*, Missouri's statute does not impair the deterrent effects of section 1983 because it cannot change public officials' behavior *ex ante*.

### E. Plaintiff identifies no separate, federal rule of survival that would allow her to bring the claims here.

Finally, in urging the Court to disregard Missouri's survivorship statute, plaintiff misses a key point. If the Court decides not to follow that law, what replaces it?

This question might seem flippant but it isn't. Plaintiff is not the victim and has no personal claim under section 1983. Under the common law, claims always abated upon the injured person's death, leaving no one to pursue them. *Robertson*, 436 U.S. at 589; *accord Oliveros* 449 F.3d at 1094 (no survival of intentional torts at common law). It is only the various state survivorship statutes, like the one plaintiff wants to disregard, that reversed the common-law rule and gave personal representatives like Ms. Childs standing to sue for deceased persons in the first place. *See Moor v. Alameda Cty.*, 411 U.S. 693, 703 n.14 (1973).

Plaintiff wants to throw out Missouri's survivorship statute but offers no federal rule to replace it. Although it was later reversed, the Seventh Circuit in *Robertson*, for example, examined federal authorities to hold "as a matter of federal common law a [section] 1983 action instituted by a plaintiff *prior to his death* survives in favor of his estate." *Shaw v. Garrison*, 545 F.2d 980, 986 (7th Cir. 1977) (emphasis added), overturned *Robertson v. Wegmann*, 436 U.S. 584 (1978). Defendants know of no similar federal statute or rule giving a personal representative standing to file a section 1983 case *after* someone dies for unrelated reasons.

## II. The claims against the Police Board defendants and Chief Smith abate as well.

Lastly, plaintiff also offers no good reason to distinguish her claims against the Police Board defendants and Chief Smith from those against Officers Brummett and Prichard for purposes of abatement.

WA 16192775.1

Defendants' point in citing *Wilson v. Spain*, 209 F.3d 713, 717 (8th Cir.2000) and *Abbott v. City of Crocker, Mo.,* 30 F.3d 994, 998 (8th Cir.1994) was that the official-capacity claims and the individual claims against Chief Smith derive from the same constitutional injury as those against Officers Brummett and Prichard: the alleged assault and battery of Ms. Hill. *Accord City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

The actual tort is the assault and battery, not the alleged ratification, customs, or any other pathway for holding official-capacity defendants or Chief Smith liable for the conduct. Since the official-capacity claims (and claims against Chief Smith) rely on the same constitutional injury as those against Officers Brummett and Prichard, they should be subject to the same abatement rule.[3]

## CONCLUSION

For all these reasons, and for the reasons explained in defendants' moving papers, the Court should dismiss the first amended complaint with prejudice.

---

[3] *Larson v. Wind*, 542 F. Supp. 25 (N.D. Ill.1982) does not hold otherwise. There the court allowed claims against police officers to survive. *Id*. at 26. So the court was not applying separate rules of abatement as between the officers and the official-capacity defendants.

10

WA 16192775.1

Dated: August 13, 2021

SPENCER FANE LLP

*/s/ Michael W. Seitz*

Patrick A. McInerney      MO #37638
     pmcinerney@spencerfane.com
Michael W. Seitz      MO #69337
     mseitz@spencerfane.com
Blake Smith      MO #70365
     bsmith@spencerfane.com
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100
(816) 474-3216 (facsimile)

**ERIC S. SCHMITT**
**Attorney General**

*/s/ Nicolas Taulbee*

Nicolas Taulbee      MO #61065
     nicolas.taulbee@ago.mo.gov
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
(816) 889-5000
(816) 889-5006 (facsimile)

*Attorneys for all defendants*

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document through the Court's CM/ECF system on August 13, 2021, with notice of case activity generated and sent electronically to all counsel of record.

*/s/ Michael W. Seitz*

11

WA 16192775.1